# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**RICHARD J. STACHOWSKI,**

      **Plaintiff,**　　　　　　**CIVIL ACTION NO. 09-CV-13702**

vs.

**DISTRICT JUDGE JULIAN ABELE COOK**

**COMMISSIONER OF**　　　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendant Barbara Ann Karmanos Cancer Institute's Motion To Strike Its Name From The Pleadings In This Case And For An Order Of Dismissal (docket no. 5) filed on November 19, 2009 should be **GRANTED** and Defendant Karmanos should be dismissed with prejudice from the action and its name stricken from the pleadings and the caption.

State Of Michigan Department Of Human Services' Motion To Strike Its Name From The Pleadings In This Case And For An Order Of Dismissal (docket no. 10) filed on December 4, 2009 should be **GRANTED** and Defendant State of Michigan Department of Human Services should be dismissed with prejudice from the action and its name stricken from the pleadings and caption in this action.

\*\*\*

This matter is before the Court on two motions which raise the same issue. Plaintiff filed a Petition For Judicial Review Of The Decision Of The Commissioner Of Social Security on September 18, 2009 asking for review of the Social Security Commissioner's decision that Plaintiff was not entitled to disability and Disability Insurance Benefits because he had experienced a medical

improvement. (Docket no. 1). Plaintiff filed an amended petition for review (complaint) on October 7, 2009. (Docket no. 3). In filing this action Plaintiff named the following Defendants: Commissioner of Social Security, State of Michigan Department of Human Services and Barbara Ann Karmanos Cancer Institute. (Docket no. 1, 3).

The first motion is Defendant Barbara Ann Karmanos Cancer Institute's (Defendant Karmanos) Motion To Strike Its Name From The Pleadings In This Case And For An Order Of Dismissal filed on November 19, 2009. (Docket no. 5). Plaintiff did not file a response to Defendant Karmanos's motion. The second motion is State of Michigan Department of Human Services' (Defendant DHS) Motion To Strike Its Name From the Pleadings In This Case And For An Order Of Dismissal filed on December 4, 2009. (Docket no. 10). Plaintiff did not file a response to Defendant DHS's motion. The matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(A), (B) and (C). (Docket no. 2). The matters having been fully briefed and the law well-settled on the Court's authority to review the final decision of the Commissioner of Social Security, the Court dispenses with oral argument on these motions. E.D. Mich. LR 7.1(f)(2).

Plaintiff brings his action for review of the Commissioner of Social Security's decision to deny his benefits pursuant to 42 U.S.C. § 405(g). 42 U.S.C. §§ 405(g) governs judicial review of social security claims and provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the District Court of the United States for the District of Columbia.
>
> "The Social Security Act grants federal courts jurisdiction to review the Commissioner's

decisions only if those decisions are made after a hearing." *Yeazel v. Apfel*, 148 F.3d 910, 911 (8th Cir. 1998); *see also Hilmes v. Sec'ty of Health and Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993) (upholding district court's judgment affirming secretary's dismissal of claimant's request for hearing as untimely and barred by res judicata). Section 405(b)(1) gives authority exclusively to the Commissioner to make findings of fact and decisions as to the rights of the applicants for Social Security disability benefits. 42 U.S.C. § 405(g). For these reasons Defendant Karmanos suggests that they have mistakenly been included on Plaintiff's pleadings and they are not properly a party to this action. Both of the Defendants seek dismissal with prejudice and seek to have their names stricken from the pleadings.

The Court has limited jurisdiction on review of Social Security decisions to review the final decision of the Commissioner. The Court finds that Defendants Karmanos and DHS are not properly before the Court on Plaintiff's 42 U.S.C. § 405(g) action. The Court should grant the Motions of Defendant Karmanos and Defendant DHS, the parties should be dismissed with prejudice and their names stricken from the caption and pleadings in this action.

The Court also notes that Plaintiff's Complaint fails to state any other claim related to these two additional Defendants. No summons was served on these parties and Plaintiff did not serve the parties with any pleadings until he filed an amended request for judicial review on October 28, 2009. Plaintiff failed to file responses to the Motions as required to oppose the motions. E.D. Mich. LR 7.1(c)(1).

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and

Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated August 25, 2010        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Richard Stachowski and Counsel of Record on this date.

Dated August 25, 2010          s/ Lisa C. Bartlett  
                                            Case Manager