UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD STACHOWSKI,

        Plaintiff,

v.

                              Case No. 09-13702

COMMISSIONER OF                Honorable Julian Abele Cook, Jr.
SOCIAL SECURITY

        Defendant.

## ORDER

In September 2009, the Plaintiff, Richard Stachowski, filed a complaint in which he requested this Court to review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") who had determined that he was no longer entitled to receive disability insurance benefits. On the 7th of October 2009, Stachowski filed an amended complaint. The official record in this cause indicates that his disability benefits were officially terminated after the Commission made a determination that Stachowski had experienced a medical improvement which, in turn, enabled him to perform sedentary work.

Both the initial and amended complaints named as Defendants in this action, in addition to the Commissioner, (1) The Barbara Ann Karmanos Cancer Institute ("Karmanos") and (2) The Michigan Department of Human Services ("DHS"). Each of these two Defendants have now filed motions to (1) strike their respective names from the pleadings and (2) obtain an order of dismissal with prejudice in this lawsuit. Stachowski has not filed any response to either motion as of this date.

1

The Court subsequently submitted these two motions to Magistrate Judge Mona K. Majzoub for her evaluation. On August 25, 2010, she submitted a report which included her recommendation that the Court grant both motions. For the reasons that have been set forth below, this Court adopts the report and recommendations of the magistrate judge in full.

I.

Pursuant to a periodic disability review, the Social Security Administration determined on December 19, 2006 that (1) Stachowski's disability had terminated as of the first of December 2006, and (2) he was no longer eligible to received disability insurance benefits. When this determination was upheld upon reconsideration, Stachowski sought and subsequently obtained a *de novo* hearing before an administrative law judge ("ALJ"). In a decision that was rendered on April 30, 2009, ALJ Melvyn B. Kalt concluded that Stachowski, whose disability had now been terminated, was able to perform unskilled, sedentary work. Ultimately, this ruling became the final decision of the Commissioner on August 28, 2009 when the Social Security Appeals Council denied Stachowski's request for review.

Under 42 U.S.C. § 405(g), a final decision of the Commissioner is subject to judicial review if it was "made after a hearing to which [the plaintiff] was a party." Although this Court has jurisdiction to review the final decision of a Commissioner - as in the current action - it is limited to determining whether the findings are supported by substantial evidence and the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). As the magistrate judge correctly noted, the Commissioner has exclusive authority under § 405(b)(1) to "make findings of fact, and decisions as to the rights of any individual applying" for Social Security benefits.

Neither of the two additional Defendants, Karmanos and DHS, had any involvement in the decision by the Social Security Administration to terminate Stachowski's benefits nor did either of them have any authority to make such decisions. Therefore, inasmuch as Karmanos and DHS were not parties to the alleged "wrongs" that have been advanced by Stachowski in this action, neither are properly before the Court in this § 405(g) action. Furthermore, Stachowski has failed to allege any action or inaction by Karmanos or DHS which, arguably, constituted a viable cause of action for which relief could be granted. Finally, there is no indication in the record that Stachowski has undertaken any action which could be reasonably interpreted as an expression of opposition to these Defendants' dispositive motions. Hence, the Court assumes that the "silence" by Stachowski is an implied assent to the dual requests by Karmanos and DHS

II.

For the reasons that have been outlined above, the Court adopts in full the recommendations within the report of Magistrate Judge Majzoub. Accordingly, the motions for dismissal by the Defendants, Karmanos and DHS, are granted, and these two parties are dismissed with prejudice.

IT IS SO ORDERED.

Dated: September 30, 2010　　　　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective

email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2010.

s/ Kay Doaks
Case Manager