UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD STACHOWSKI,

    Plaintiff,

v.
                Case No. 09-13702
COMMISSIONER OF         Honorable Julian Abele Cook, Jr.
SOCIAL SECURITY

    Defendant.


# ORDER

  The Plaintiff, Richard Stachowski, filed a complaint under 42 U.S.C. § 402(g), in which he asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"), who had denied his request for a continuation of disability insurance benefits.

  The parties subsequently filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure,[1] both of which were submitted to Magistrate Judge Mona K. Majzoub for her evaluation. On August 31, 2010, she filed a report which contained a recommendation that the Court grant the Commissioner's dispositive motion. In making this recommendation, Magistrate Judge Majzoub opined that there was substantial evidence in the

---

[1] Fed. R. Civ. P. 56(c) states, in pertinent part, that "(t)he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."

1

record which supported the Commissioner's argument (i.e., that Stachowski's improvement in his medical condition had enabled him to perform sedentary work.) A timely objection by Stachowski to this report followed. For the reasons that have been set forth below, this Court adopts the report and recommendations of Magistrate Judge Majzoub in full.

I.

Stachowski is a forty-six-year-old male with an eleventh-grade education and a decade of work experience as a laborer and a hi-lo operator in the masonry industry. His last month of productive work occurred in May 2002. Two months later, he was diagnosed with testicular cancer. On October 24, 2002, the Social Security Administration concluded that his cancer had rendered him totally impaired which made him eligible to receive disability insurance benefits. Although Stachowski's cancer has been in a state of remission since undergoing an orchiectomy procedure and completing chemotherapy sessions in late 2002, he proclaims that his current physical maladies, as well as a continuing inability to perform work in the national economy, remain. In making this argument, he relies upon some additional medical conditions that arose from his original malady and associated treatment.

Following a periodic disability review procedure, the Social Security Administration determined on December 19, 2006 that Stachowski's medical condition had improved to such an extent that he no longer qualified for the impairment listing 13.25. As a result, the Social Security Administration declared that he was (1) not disabled as of December 1, 2006, and (2) no longer eligible to receive disability insurance benefits. When this determination was upheld upon reconsideration, Stachowski requested and obtained a *de novo* hearing before an administrative law judge.

In an April 30, 2009 decision, administrative law judge Melvyn B. Kalt, after applying an eight-step analysis for determining if his disability status should continue as authorized by 20 C.F.R. § 404.1594(f), concluded that Stachowski's eligibility for disability should be terminated as of December 1, 2006. In making this decision, it was his belief that Stachowski, while continuing to suffer from other physical impairments (i.e., peripheral neuropathy and lumbar disc herniation), did not meet or equal the severity of a listed impairment, as defined by the Social Security Act. Furthermore, the administrative law judge, following a review of Stachowski's administrative record (including an examination of his residual functional capacity, age, education, and past work experience), concluded that he was able to perform unskilled, sedentary work which, in turn, would preclude him from being declared a disabled person as defined by Medical-Vocational Rule 201.25. This decision became the final decision of the Commissioner on August 28, 2009 when the Appeals Council denied Stachowski's request for review.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) they are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence even if it also supports a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an

examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

III.

In his appeal to this Court, Stachowski challenges the administrative law judge's evidentiary findings and his application of the appropriate legal standards. Stachowski initially contends that the administrative law judge's determination (i.e., that his disability ended on December 1, 2006) is not supported by substantial evidence. Next, he submits that the administrative law judge incorrectly applied the eight-step process for determining the continued existence of a previously-determined disability. Stachowski also advances - without articulating any specifics - that his rights under the Fifth and Sixth Amendments to the United States Constitution had been violated during this process.[2]

Stachowski, in challenging the conclusions of the administrative law judge, points to several pieces of evidence which presumably support his belief that he continues to be totally disabled and, thus, eligible for disability insurance benefits. First, Stachowski says that the vocational expert's conclusion that he was unable to sustain full-time work mandates a finding of continued disability. However, the interrogatory which prompted this conclusion reads, "*If the claimant's testimony is fully credited* would there be any work that he could perform?" (Tr. 514) (emphasis added). The vocational expert's conclusion was based on Stachowski's testimony that he needed to lie down in order to manage episodes of dizziness and to sleep three to four hours after driving his child to/from school. Thereafter, the administrative law judge made a specific finding that this testimony

---

[2]The arguments that Stachowski raises in his objections to Magistrate Judge Majzoub's report and recommendation are reiterations of the positions were raised by him in his motion for summary judgment. Therefore, these two pleadings will not be treated separately.

4

was not credible, in light of the substantial objective medical evidence which, in his opinion, was inconsistent with Stachowski's subjective claims of disabling conditions. After noting that Stachowski continues to engage in a variety of activities, which include his daily use of a motor vehicle, the administrative law judge found his testimony to be "inconsistent with allegations of disabling sleepiness." (Tr. 22-23). *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (subjective claims of disabling pain must be supported by objective medical evidence). After finding the record to be supported by substantial evidence, the magistrate judge properly accorded deference to the administrative law judge's assessment of Stachowski's credibility. *See id.* (citation omitted) ("Since the [administrative law judge**]** has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference.").

Stachowski also points to the case examiner's report (Tr. 355), which ostensibly supports the contention that he is disabled due, in part, to his cardiac problems. The case examiner, while noting that Stachowski claims, *inter alia*, to have current cardiac problems, concluded that he appears to be capable of sedentary work. Additionally, Stachowski notes that the Physical Residual Capacity Assessment, which was performed on April 19, 2007 (Tr. 203-210), reflects certain limitations on his ability to work. Notwithstanding those limitations, this assessment - despite Stachowski's arguments to the contrary - concludes that he is capable of performing sedentary work.

Finally, Stachowski asserts that his primary care physician has repeatedly characterized him as being totally or permanently disabled - most recently on December 16, 2008. (Tr. 414, 419, 436, 439, 507). A treating physician's opinion will be given controlling weight if it is "well-supported

by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2). Here, the administrative law judge noted that the treating physician's opinion was not consistent with other substantial evidence inasmuch as no other health care professional had deemed him to be totally or permanently disabled or entirely unable to work. In addition, the clinical findings were mostly unremarkable, and in those instances where tests did reflect the presence of existing medical conditions (i.e., neuropathy and lumbar disc herniation), they were found to be mild. Finally, it should be noted that the treating physician's opinion was not well-supported by clinical and laboratory diagnostic evidence. Rather, he merely provided a list of conditions and stated in a rather conclusory manner that Stachowski was disabled and unable to work. Against this backdrop of the medical evidence which indicated that Stachowski was neither disabled nor entirely unable to work, the administrative law judge's decision to reject the treating physician's opinion was supported by substantial evidence.

Stachowski next submits that the administrative law judge erred in his application of the eight-step analysis for determining whether a disability continues to exist as mandated by 20 C.F.R. § 404.1594(f). The fifth step in the evaluation process requires a determination as to whether - even if the medical improvement (1) has not occurred or (2) has occurred, but is not related to the claimant's ability to work - any exceptions apply that would dictate a finding that the applicant is not disabled. 20 C.F.R. § 404.1594(f)(5). Stachowski argues that, inasmuch as no such exceptions apply to him, he should be deemed to be disabled. However, if Stachowski's medical improvement has occurred, and it is related to his ability to work, the exceptions do not apply. Hence, the entire fifth step is omitted, and the analysis should proceed directly to the sixth step. 20 C.F.R. §

404.1594(f)(4). Because the administrative law judge determined that Stachowski's medical improvement was related to his ability to work, the question as to whether any of the exceptions are applicable is immaterial. Thus, the administrative law judge correctly proceeded to the remaining steps of the analysis.

There is also a contention that the administrative law judge erred when, at the sixth step, he concluded that Stachowski's medical impairments were severe, but nevertheless deemed him no longer disabled. However, such a finding of severe impairment is not the end of the analysis. Rather, the administrative law judge must next determine during the seventh and eighth steps whether, despite a severe impairment, the claimant is capable of performing past relevant work or other available work in the national economy. 20 C.F.R. § 404-1594(f)(6)-(8). If either of these alternatives are true, the claimant will be found to be no longer disabled even though he may have a severe impairment. After reviewing the medical evidence, the administrative law judge determined that Stachowski did have the residual functional capacity for the full range of unskilled, sedentary work. Therefore, he was not capable of performing his prior work as a laborer or as a hi-lo operator, both of which are semi-skilled and require more than sedentary exertion. However, Stachowski's residual functional capacity for sedentary work, age, education, and previous work experience, when all are considered in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, dictate a finding of not being a disabled person.

Finally, Stachowski refers repeatedly to the Fifth and Sixth Amendments to the United States Constitution, but makes no specific claim regarding how the rights which are guaranteed by these Amendments were implicated here. Absent any explanation as to the relevance of these Amendments, the magistrate judge properly rejected these claims, noting that "[m]erely

referencing the Amendments is not sufficient to establish a Constitutional claim." (Report and Recommendation at 11). Stachowski also argues that the record, as submitted to the Court, is incomplete, and, by virtue thereof, he filed a document which contained eighteen exhibits to be added to the record. (Docket no. 9). The magistrate judge considered those documents, and found that they (1) had already been included in the record, (2) related to matters that were outside the scope of this review, or (3) involved the basis of the initial determination of disability, and, thus, were not material to the decision of cessation of disability. Accordingly, the magistrate judge properly determined that none of these documents constituted new, material evidence which required a remand of the case to the Commissioner under 42 U.S.C. § 405(g).

IV.

For the reasons that have been outlined above, the Court adopts in full the report and recommendation of Magistrate Judge Majzoub. Hence, the Commissioner's motion for summary judgment is granted, and Stachowski's motion for summary judgment is denied.

IT IS SO ORDERED.

Dated: September 30, 2010               s/Julian Abele Cook, Jr.
     Detroit, Michigan                JULIAN ABELE COOK, JR.
                                   United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2010.

                                                  s/ Kay Doaks
                                                  Case Manager